-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL GOOSSENS, 07B3412,

       Plaintiff,

  -v-                                    08-CV-446F

DEPARTMENT OF ENVIRONMENTAL CONSERVATION    **ORDER**
OFFICERS WADE and WARD,

       Defendants.

---

    Plaintiff, who is incarcerated in the Wyoming Correctional Facility, has amended his complaint as directed by the Order of October 28, 2008. Plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria. Plaintiff's request to add defendant Denise M. Sheenan is denied for the reasons below, and the remainder of plaintiff's complaint is allowed to go forward at this stage.

    A prerequisite for liability under § 1983 is personal involvement by the defendant in the alleged constitutional deprivation. See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or

>    (4) was grossly negligent in supervising subordinates who caused the violation.

See Sealey, 116 F.3d at 51 (citing Williams v. Smith, 781 F.2d at 323-24). Despite two opportunities, plaintiff has failed to allege any fact that would show such personal involvement on the part of Sheenan. A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal. See Id.; see also Neitzke v. Williams, 490 U.S. 319, 323 n. 2 (1989). Accordingly, plaintiff's claim against Denise Sheenan is dismissed with prejudice.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

>            s/Michael A. Telesca
>            MICHAEL A. TELESCA
>            United States District Judge

Dated:   February 25, 2009
         Rochester, New York