UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARL GOOSSENS,

                        Plaintiff,

      v.

D.E.C. OFFICER WADE,
D.E.C. OFFICER WARD,

                        Defendants.

**DECISION**
**and**
**ORDER**

**08-CV-446F**

APPEARANCES:    CARL GOOSSENS, *Pro Se*
                  07-B-3412
                  Collins Correctional Facility
                  Box 340
                  Collins, New York   14034-0340

                  ANDREW M. CUOMO
                  ATTORNEY GENERAL, STATE OF NEW YORK
                  Attorney for the Defendants
                  GEORGE M. ZIMMERMANN
                  Assistant New York Attorney General, of Counsel
                  350 Main Street
                  Buffalo, New York    14202

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by order of

Hon. Richard J. Arcara filed June 24, 2010 (Doc. No. 33). It is presently before the

court on Plaintiff's motion for a default judgment filed December 29, 2009 (Doc. No. 12)

and Plaintiff's motion to strike Defendants' answer, filed January 8, 2010 (Doc. No. 13).

## BACKGROUND AND FACTS[1]

Plaintiff commenced this action by filing a complaint on June 17, 2008 (Doc.

---

[1] Taken from the papers and pleadings filed in connection with this action.

No.1) alleging that Defendants, while acting as New York State Environmental Conservation police officers, violated Plaintiff's Fourth Amendment rights when, on November 27, 2005, Defendants illegally arrested Plaintiff during an encounter on a road in the Town of Avon, Livingston County, New York and elicited statements from Plaintiff indicating Plaintiff had committed statutory rape.  Specifically, Plaintiff alleges that Defendants unlawfully detained Plaintiff, then 20, and an underage female after discovering Defendant and girl, who was 15, in a van parked on the side of a rural road near cornfields which Defendants knew was an area frequented by deer hunters. According to Plaintiff, Defendants ordered Plaintiff and the girl out of the van, accused Plaintiff of statutory rape, and verbally harassed and insulted Plaintiff and the girl. Plaintiff's admissions, that he had engaged in sexual intercourse with the girl, at the scene were subsequently suppressed on May 5, 2005,  by a Livingston County Court judge.

In December 2005, a sheriff's investigator, during a consensual conversation with Plaintiff, also obtained admissions from Plaintiff confirming he had committed statutory rape based on the November 27, 2005 episode in the van.  This statement was upheld as admissible by the County Court Judge as a part of Plaintiff's suppression motion.   The Amended Complaint, ¶ 4, alleges that Plaintiff was sentenced to a term of six months and five years probation upon a lesser offense, however, Plaintiff's official conviction record reveals Plaintiff pleaded guilty to the crimes of Third Degree Rape and Attempted Bribery of a Witness, New York Class E felonies, and was sentenced to a term of two to four years.

By order filed October 29, 2008, Hon. William M. Skretny dismissed N.Y.

Department of Environmental Conservation as a defendant and directed Plaintiff advise the court of the status of the criminal proceedings against Plaintiff.  In response, Plaintiff filed an amended complaint on December 31, 2008 (Doc. No. 6).  By order filed February 26, 2009, Judge Telesca directed Plaintiff's amended complaint be filed, summonses for Defendants be served by the U.S. Marshal Service, and that Defendants file answers (Doc. No. 7).  On August 17, 2009, Judge Larimer again directed that the U.S. Marshal Service effect service on Defendants (Doc. No. 10).  On August 20, 2009, summonses were reissued, however, according to the returns of service on the summons filed with the Clerk of Court on June 28, 2010 (Doc. No. 34), waivers of service were not executed by Defendants, and the Marshal's returns indicated Defendants were not served.  On December 28, 2009, Defendants filed an answer asserting various affirmative defenses (Doc. No. 11), but no affirmative defense for lack of service was included in the Answer (Doc. No. 11).  Plaintiff's instant motion for a default judgment (Doc. No. 12) was filed December 29, 2009.  On January 8, 2010, Plaintiff moved to strike the Answer (Doc. No. 13).

On January 21, 2010, Defendants filed their papers in opposition to Plaintiff's motions seeking a default and to strike (Doc. No. 16).  Plaintiff's reply was filed January 26, 2010 (Doc. No. 17).[2]  Oral argument was deemed unnecessary.

**DISCUSSION**

It is basic that in order for a default judgment to be taken against a defendant, a

---

[2]  Both Plaintiff and Defendants have also filed motions for summary judgment which are pending.

plaintiff must show that the defendant has been served and that personal jurisdiction over the defendant was thereby acquired. *GMA Accessories, Inc. v. BOP, LLC*, 2008 WL 762782, at *2 (S.D.N.Y. Mar. 20, 2008). As relevant, personal service must be effective under state law. Fed.R.Civ.P. 4(e). In this case, pursuant to orders of the court, service of the summons upon Defendants was attempted by the U.S. Marshal Service through use of first-class mail. However, according to the return of service belatedly filed, (Doc. No. 34), service was not effected apparently because Defendants failed to return the executed waiver of personal service required to complete such service by N.Y. C.P.L.R. § 312-a(b)(1). Therefore, as service was not completed, and the U.S. Marshal Service was not ordered to effect personal service upon Defendants, Defendants were never served, thereby commencing Defendants' 21-day time period for filing an answer as required by Fed.R.Civ.P. 12(a)(1)(A)(i) ("Rule 12(a)"). As Defendants were not served and thus had no obligation to answer, Defendants were never in default and, consequently, no default judgment could be taken against them. *Glendora v. Pinkerton Sec. & Detective Services*, 25 F.Supp.2d 447, 454 (S.D.N.Y. 1998) (citing *Paterson v. Balaquiot*, 590 N.Y.S.2d 469, 470 (1st Dep't. 1992)). This result follows despite the fact that because the New York Attorney General subsequently filed the Answer which did not raise as a defense of lack of personal jurisdiction based on the failure to serve in accordance with Rule 4(m), Defendants very likely did receive, by mail from the Marshal Service, copies of the summons. *Glendora*, 25 F.Supp.2d at 454 (actual receipt does not obviate requirement to execute and return waiver under N.Y. C.P.L.R. holding defendant who was served with summons and complaint, but who did not sign and mail acknowledgment of receipt, had no legal duty

4

to acknowledge service, such that service was not complete and defendant's time to file answer never commenced).   Therefore, because Defendants have appeared and waived a lack of personal jurisdiction, the action may proceed; however, default judgment is not available to Plaintiff.

Even if Defendants had been served and the answer filed beyond the 21-day required period by Rule 12(a), a party seeking a default judgment is required to request a notice of default to be entered by the clerk of court against a party which has been properly served, "demonstrating by affidavit or otherwise, that the opposing party is in default." *Ortiz v. Lasker*, 590 F.Supp.2d 423, 425 (W.D.N.Y. 2008) (citing Fed.R.Civ.P. 55(a); *J&J Sports Prods. v. Bimber*, 2008 WL 2074083 at *1 (W.D.N.Y.  May 14, 2008)).  Upon entry of a notice of default, the allegations in the complaint are deemed admitted thus establishing liability but not damages.  *Id.* (citing cases).  However, where a notice of default is entered, the court may not enter a default judgment unless the court also determines the plaintiff's allegations are meritorious and that defendant's liability has thereby been established.  *Id.*  Further, as default judgments are disfavored in the law, any doubt as to "propriety" of the relief sought should be resolved in the defaulting parties' favor.  *Id.* (citing *Enron Oil Corp. v. Masonari Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)).  Finally, the notice of default may be entered only against a party who has failed to appear, plead or otherwise defend.  Fed.R.Civ.P. 55(a).  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (discussing two-step procedure for obtaining a default judgment).

Here, Defendants' answer was filed the day before Plaintiff filed the instant motion seeking a default judgment on December 29, 2009 (Doc. No. 12).  Based on the

court's review of the record in this case, at no time prior to filing the motion did Plaintiff request, upon a proper showing, a notice of default, from the Clerk of Court as required by Fed.R.Civ.P. 55(a), a prerequisite to Plaintiff's motion.   Thus, Plaintiff's motion should be denied on this basis.

Further, even if Plaintiff had satisfied this prerequisite, Defendants filed their answer prior to Plaintiff's motion and thus have in fact appeared, pleaded and defended the action.  Plaintiff does not argue otherwise.  Accordingly, a default judgment cannot be entered.  *National Trust Co. v. American Home Assur. Co*, 1987 WL 5837, at *2-3 (S.D.N.Y. Jan. 22, 1987) (citing cases).  *See* Fed.R.Civ.P. 55(a) (default available only where defendant has failed to appear, plead, or defend).  As Plaintiff failed to obtain the prerequisite notice of default and as Defendants have appeared and defended Plaintiff's action, the court need not also consider whether Defendants' defenses are meritorious.

In Plaintiff's Reply, Plaintiff argues that Defendants' attorney's explanation for this delay in filing the answer is inadequate.  However, such reasons for a delayed filing of an answer are irrelevant to whether a plaintiff is entitled, as explained, *supra*, to a default judgment.

Turning to Plaintiff's motion to strike the Answer, a motion may be granted pursuant to Fed.R.Civ.P. 12(f) to strike a pleading based on "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense may be struck if it is certain plaintiff will succeed despite the asserted defense.  *Cattaraugus County Head Start v. Executive Risk Idem., Inc.*, 2000 WL 1737943 at *2 (W.D.N.Y. Nov. 9, 2000) (quoting *Salcer v. Envicon Equities*, 744 F.2d 935, 939 (2d Cir. 1984)).

Here, a fair reading of Plaintiff's motion to strike demonstrates that Plaintiff requests that Defendants' answer be stricken because it was filed untimely, the same ground urged by Plaintiff for entry of a default judgment as addressed, *supra*, by the court. Plaintiff does not contend that any specific defense asserted by Defendants in the Answer is baseless, nor that the Answer alleges improper matter. Accordingly, Plaintiff has failed to put forth any ground for striking the Answer and, as such, Plaintiff's motion to strike should also be denied.

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for default judgment (Doc. No. 12) is DENIED and Plaintiff's motion to strike (Doc. No. 13) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
      LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2010
          Buffalo, New York